# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **JASON FURR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **STHRN HOSPITALITY Co., LLC, d/b/a WESTSIDE MOTOR LOUNGE,** | ) ) ) ) ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff **Jason Furr** brings this civil action for relief and damages against Defendant **STHRN Hospitality Co., LLC, d/b/a Westside Motor Lounge**, based on the following factual allegations and causes of action.

## NATURE OF THE ACTION

1. Jason Furr ("Plaintiff" or "Furr") alleges that his former employer STHRN Hospitality Co., LLC ("Defendant" or "STHRN"), the owner of the Atlanta-based Westside Motor Lounge, subjected him to a retaliatory hostile environment that culminated in termination after he made complaints of

1

gender-based discrimination. Furr's claims arise under the retaliation provision of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-3(a).

2. Furr seeks economic damages in the form of lost wages and back pay, compensatory damages for mental anguish and emotional distress, and his attorneys' fees and costs of litigation.

## THE PARTIES

3. Furr is a resident of the state of Georgia. During the time of the events alleged in this complaint, he was employed by a STHRN-owned restaurant and bar, Westside Motor Lounge, located in Fulton County, Georgia.

4. STHRN is a covered entity under Title VII, 42 U.S.C.A. § 2000e(b).

## PERSONAL JURISDICTION

5. STHRN may be served with proper process through its registered agent on record with the Georgia Secretary of State: Frank White, 171 17th St. NW, Suite 2100, Atlanta, GA 30363.

## SUBJECT-MATTER JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

7. Venue is proper in this district and division under 28 U.S.C.A. §§ 1391(b)(1)-(2), as Defendant resides in and conducts business in, and the alleged unlawful acts occurred in, this judicial district and division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On June 29, 2023, Plaintiff filed a charge of Title VII discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 410-2023-08557. A copy is attached as Exhibit A.

9. Plaintiff subsequently received a Right-to-Sue letter from the EEOC on March 15, 2024. A copy is attached as Exhibit B.

10. Plaintiff timely files his Title VII claims within 90 days of receiving his Right-to-Sue letter.

## FACTUAL ALLEGATIONS

11. Jason Furr was hired as a bartender at the newly launched Westside Motor Lounge, an Atlanta area restaurant and entertainment venue located in the west Midtown area, in August 2022. Furr was assigned to work in a cocktail lounge section of the facility called West Bar.

12. Furr's principal supervisor was the manager of the bar, a woman named Kelsey Kenny.

13. Westside Motor Lounge's principal clientele included the LGBT community, and Furr was one of a limited number of serving staff at the establishment who openly identified as a straight heterosexual male.

14. Furr's usual shift rotation was from 3:00 or 4:00 PM to between 11:00 PM and 1:00 AM on weekdays, and on weekends either a 11:00 AM to 5:00 PM or the 3:00 PM to 1:00 AM weekend shift that was always the most lucrative source of tips. In a typical week, Furr worked four full-shift days.

15. In April and May 2023, Furr began to increasingly hear Kenny making belittling remarks that she preferred working with female staff and that in her view, "men were f****** stupid," that she "hated men," and that men "couldn't take direction." One time she refused Furr's help with a task by telling him, "I don't need help from a man."

16. Furr observed other signs of favoritism by Kenny, including preferential shift assignments for LGBT or female employees and he noticed that after straight male employees left employment at the lounge, they were invariably replaced by women, gay men, or transgendered persons.

17. In mid-May 2023, Furr complained to the lounge's general manager, Dylan Ogozelec, that Kenny had become disrespectful to him and often chided him with sexist, anti-male comments.

18. After his complaint, Furr noticed that his scheduled shifts began being steadily reduced each week.

19. On or about May 26, 2023, Furr was told that the lounge was in the process of reevaluating its personnel and that several employees were likely to be let go.

20. On May 26 and 27, after learning that Kenny had not approved a long pending leave request, Furr raised concerns verbally and by email to Ogozelec that he was being targeted by Kenny in part because of his gender.

21. On May 29, Furr received an updated schedule from Kenny indicating that his shifts had been downgraded to one day a week.

22. On or about June 27, Furr was advised that he would be removed from the schedule altogether, supposedly because of a negative online review from a customer.

23. In Furr's experience at Westside Motor Lounge, online reviews were not typical grounds for discipline. In addition, Furr was aware that Kenny had generated fake online customer reviews for herself and other employees.

24. On June 29, 2023, Furr electronically filed an EEOC charge, which the EEOC's records indicate was served electronically the same day through a general information email for STHRN that Furr had provided.

25.     While STHRN maintained in a subsequent position statement that the company did not receive notification of the charge until early 2024, when the EEOC made a second contact attempt, the original address Furr provided was the company's correct point of contact in June 2023.

26.     On July 5, 2023, Furr was notified that he was being fired by STHRN.

27.     Furr did not receive negative performance feedback from management at Westside Motor Lounge until after he made complaints regarding his treatment by Kenny that linked some of his concerns to gender bias, at which point he began experiencing a steady reduction in his shifts during his final six weeks of employment.

28.     STHRN did not adhere to the normal disciplinary protocol for its properties. Penalties such as dramatic reductions in schedule and removal from the shift rotations ordinarily followed corrective performance counseling or warnings, neither of which occurred in Furr's case.

29.     Furr's termination came within one week of the EEOC serving notice of the charge on a valid contact account for the company.

# CAUSES OF ACTION

## COUNT I

**(Retaliatory termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-3(a))**

30. Plaintiff incorporates by reference paragraphs 1–29 of this complaint as though set forth fully and separately herein.

31. Plaintiff engaged in protected activity under Title VII in that he complained of gender-based discriminatory remarks during his employment by Defendant and filed a subsequent charge of discrimination and retaliation with the EEOC.

32. Plaintiff's protected activity was a determinative cause of his termination by STHRN Hospitality Co., LLC.

33. As a result of STHRN's retaliatory conduct, Plaintiff has suffered economic damages in the form of lost wages and back pay and compensatory damages in the form of emotional distress and mental anguish. Plaintiff has also been made to bear the costs of litigation and attorneys' fees.

## COUNT II

**(Retaliatory mistreatment under Title VII, 42 U.S.C.A. § 2000e-3(a))**

34. Plaintiff incorporates by reference paragraphs 1–29 of this complaint as though set forth fully and separately herein.

35. Plaintiff's internal complaints of gender-based discrimination were followed by a steady pattern of retaliatory acts including continuing reductions of his scheduled work hours. Within a week of his filing a charge of EEOC discrimination and retaliation, the retaliatory conduct escalated to termination.

36. The continuing reductions in Plaintiff's work schedule well might have dissuaded a reasonable employee from opposing discriminatory conduct in their workplace.

37. As a result of STHRN's retaliatory mistreatment, Plaintiff suffered economic damages in the form of lost wages and back pay and compensatory damages in the form of emotional distress and mental anguish. Plaintiff has also been made to bear the costs of litigation and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, based on the above-stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A. Lost wages in the form of back pay;

B. Compensatory damages to the full extent allowed by law;

C. Punitive damages;

D. Attorneys' fees and costs of litigation;

E. Pre-judgment and post-judgment interest at the highest lawful rate; and

F. Such other equitable and monetary relief as the court deems just and proper.

Respectfully submitted the 12th day of June, 2024.

**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis[1]
ASB-3672-D56A
2024 3rd Ave. North, Suite 212
Birmingham, Alabama 35203
Direct: 205-881-0935
adavis@hkm.com

*s/Jermaine "Jay" Walker*
Jermaine "Jay" Walker
GA Bar No. 142044
3344 Peachtree Rd. NE, Suite 800
Office No. #35
Atlanta, Georgia 30326
Direct: 404-301-4020
jwalker@hkm.com

**Attorneys for Plaintiff Jason Furr**

---

[1] Artur Davis will promptly file for admission *pro hac vice* as an attorney of record in this action. Mr. Davis is licensed in the state of Alabama and the District of Columbia.